# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH HILL,
Individually and on behalf of all
other similarly situated individuals,

    Plaintiffs,

v.

GFL ENVIRONMENTAL USA INC.,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Joseph Hill ("Plaintiff"), by and through his attorneys, HURWITZ

LAW PLLC, hereby alleges as follows:

# INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief against Defendant GFL Environmental USA Inc., ("Defendant") precipitated by the termination of Plaintiff's employment after suffering a serious health condition in contravention of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act of 1976, M.C.L. § 37.1101 *et seq.* But for Plaintiff's qualified disability requiring protected medical leave, Defendant would not have taken adverse action against him (*i.e.*, termination). Furthermore, Defendant implements policies and practices to prevent Plaintiff and other similarly situated individuals employed as Temporary Instructors Permit Loaders ("TIP Loaders") from being compensated overtime hours despite working in excess of 40 hours a week, including retroactively manipulating employee timesheets in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

2. This action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

3. Plaintiff Joseph Hill brings this action on his own behalf and on behalf of all other TIP Loaders, present and former, who were and/or are affected by the actions, pay schemes, policies, and procedures of Defendant. In addition, Plaintiff

brings this action in his individual capacity, separate and apart from the collective action claims set forth herein.

## JURISDICTION AND PARTIES

4. Plaintiff Joseph Hill is an individual residing in Wyandotte, Michigan, which is located in Wayne County.

5. Defendant GFL Environmental USA Inc. is a for profit corporation with its principal place of business in Southfield, Michigan, which is located in Oakland County.

6. Defendant has a resident agent located in Plymouth, Michigan, which is located in Wayne County.

7. Plaintiff's claims arise out of Defendant's multiple violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act of 1976 ("PWDCRA"), M.C.L. § 37.1101 *et seq*.

8. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim.

9. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

10. The facts and unlawful employment practices within the meaning of the FMLA, FLSA, and PWDCRA giving rise to this Complaint occurred within the Eastern District of Michigan.

11. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the FMLA, FLSA and PWDCRA.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

13. Defendant is a corporation performing environmental services across Canada and the United States, including solid waste management, liquid waste management and infrastructure development.

14. Plaintiff was employed as a TIP Loader at Defendant's facility in Wayne, Michigan for over a year, during which time he physically worked over 1,250 hours.

15. On November 15, 2021, Plaintiff suffered a debilitating injury after his vehicle hit a patch of black ice, spun out of control, and flipped multiple times.

16. Plaintiff was immediately rushed to the Garden City Hospital Emergency Room for an evaluation of his injuries.

17. Dr. Anthony Deluca examined Plaintiff and determined medical leave was necessary. Further, Dr. Deluca provided Plaintiff with a note stating, "[h]e may

return to work on November 20, 2021" and referred him to be evaluated by Orthopedic Specialist Dr. Timothy J. Doig at Great Lakes Orthopedics in Garden City, Michigan.

    18.    Plaintiff sustained an acromioclavicular sprain on his left shoulder.

    19.    Plaintiff sustained an injury to his left rotator cuff.

    20.    Plaintiff struggled to use his shoulders, was unable to lift objects, and suffered immense pain.

    21.    The injury temporarily prevented Plaintiff from performing his job duties.

    22.    Plaintiff contacted Operations Manager William Lovell ("Mr. Lovell") on the same day, November 15, 2021, to disclose the injury and hospital visit. Plaintiff also provided the doctor's note from Dr. Deluca.

    23.    Despite Plaintiff's swift notice of his need to take protected leave, Defendant failed to notify Plaintiff of his FMLA leave entitlement.

    24.    Instead, Mr. Lovell merely instructed Plaintiff to provide updates on his condition.

    25.    On November 22, 2021, Dr. Doig performed a magnetic resonance imaging ("MRI") exam for Plaintiff.

    26.    Dr. Doig determined that Plaintiff "will be disabled from work for two weeks."

27. Plaintiff provided Mr. Lovell with a Patient Disability Statement from Dr. Doig reflecting the diagnosis.

28. Again, Defendant failed to notify Plaintiff of his FMLA leave entitlement.

29. On December 1, 2021, Plaintiff visited Dr. Doig for a second time, whereupon Dr. Doig ordered Plaintiff to be released to return to work with two restrictions in place: (1) no lifting over 5 pounds; and (2) no over the shoulder lifting using his left arm.

30. Plaintiff submitted the December 1, 2021 medical note from Dr. Doig to Mr. Lovell. He responded, "we cannot accommodate you" without engaging in an sort of interactive process pursuant to statutory law.

31. Mr. Lovell ordered Plaintiff to get a new medical note without restrictions. Mr. Lovell also told Plaintiff that he would contact Defendant's Human Resources Department.

32. Plaintiff complied, asking Dr. Doig to give him a note with no restrictions—an effort purely to save his job.

33. However, when Plaintiff returned the next day, December 2, 2021, with a new doctor's note, Residential Manager Nicholas Allen ("Mr. Allen") greeted him with termination paperwork.

34. Plaintiff protested the termination and asked for justification. Mr. Allen replied, "[i]t's a choice we made for liability reasons."

35. Defendant discharged and discriminated against Plaintiff without ever giving him notice of his rights under the FMLA.

36. Plaintiff's exchanges with Mr. Allen placed Defendant on notice that Plaintiff had a qualifying reason for protected medical leave under the FMLA.

37. Defendant failed to meet its legal obligations.

38. Defendant never provided Plaintiff with written notice detailing the specific expectations and obligations of Plaintiff and explaining any consequences of a failure to meet these obligations.

39. Defendant never notified Plaintiff of the amount of leave counted against his FMLA leave entitlement.

40. Rather than discussing the conditions of a return to work, Defendant terminated Plaintiff without any engagement—instead ignoring his doctor's notes and blatantly asking him to conceal his injuries.

41. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. Defendant implements policies and practices to prevent Plaintiff and other similarly situated individuals from being compensated overtime hours despite working over 40 hours a week.

43. Mr. Allen instructed Plaintiff and other similarly situated individuals to work through lunch breaks, stating "I'm your boss" as grounds for his demand.

44. Despite Plaintiff's shift starting at 7 a.m., Defendant ordered Plaintiff to report in advance at 6 a.m. to perform vehicle inspections and reports.

45. Plaintiff never received compensation for the work.

46. Upon information and belief, when Plaintiff and other similarly situated individuals worked outside of normal business hours, Mr. Allen would retroactively adjust the time records—depriving them of overtime.

47. With respect to the collective action claims under the FLSA, the collective action class is defined as (a) all current and former employees Defendant who are/were required to work in excess of 40 hours per week and deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's Michigan facilities. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

## COUNT I
## FMLA RETALIATION

48. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

49. Plaintiff dutifully and professionally performed his duties as a TIP Loader for over a year. It was not until sustaining a debilitating injury and notifying Defendant of his need to take a protected FMLA absence that his employment was terminated.

50. Plaintiff's injury is a serious health condition under the FMLA, as it is an injury, impairment, or physical condition that involved inpatient care in a hospital and continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

51. The conversations between Plaintiff and Mr. Allen placed Defendant on notice that Plaintiff required protected medical leave under the FMLA. "[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998).

52. Defendant terminated Plaintiff's employment due to the exercise of his rights under the FMLA.

53. A causal connection exists between the exercise of Plaintiff's protected right and his termination. "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity

between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

54. Defendant cannot set forth evidence that it planned the elimination of Plaintiff's job before his protected medical leave.

55. By terminating Plaintiff's employment prior to his protected return to work date, Defendant failed to comply with 29 U.S.C. § 2614(a)(1)(A)-(B) which states that an employee returning from medical leave has the right to "be restored by the employer to the position of employment held by the employee when the leave commenced" or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

56. Defendant's actions in violation of the FMLA were willful.

57. As a direct and proximate result of Defendant's retaliation against Plaintiff for exercising his FMLA rights, Plaintiff suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

58. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of

earnings and benefits, and a loss of and impairment of his earning capacity and ability to work in the future.

## COUNT II
## RETALIATION IN VIOLATION OF THE PWDCRA

59. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

60. Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act, M.C.L. 37.1103(d).

61. Defendant retaliated against Plaintiff for his request for a reasonable accommodation in violation of the PWDCRA, by and through its agents, servants, and/or employees, by acts including, but not limited to, terminating Plaintiff's employment and replacing him.

62. Defendant's adverse actions violate the PWDCRA, MCL 37.1202.

63. As a direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

64. As a further direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and

ability to work, and will so suffer in the future; he has been required to employee the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER</u>

65. Plaintiffs incorporates by reference herein the foregoing paragraphs and allegations.

66. The FLSA, 29 U.S.C. § 207, requires employers to pay employees on and one-half (1.5) times the regular rate of pay for all hours worked over 40 hours per week.

67. Plaintiffs often worked more than 40 hours per week without overtime pay.

68. Plaintiffs worked outside of regularly scheduled shifts.

69. Defendant is aware, or should have been aware, that Plaintiff performed work that required payment of overtime compensation.

70. In violation of the FLSA, Defendant failed to pay Plaintiffs and other similarly situated individuals compensation or unpaid wages, compensable time, overtime, and vacation time.

71.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs for overtime compensation.

72.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

73.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered will continue to suffer a loss of income and other damages.

74.     Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

75.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employee sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

76.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 2559(a).  Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated individuals as follows:

a. Judgement against Defendant in the amount of Plaintiff Joseph Hill's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the FMLA and PWDCRA;

b. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant tot 29 U.S.C. § 216(b).

c. An award of unpaid overtime wages, wages for compensable hours, unaccrued vacation time, liquidated damages, costs and attorney fees under the FLSA;

d. Interest; and

e. Such other relief as in law or equity may pertain.

                                                                         Respectfully Submitted,
                                                                         HURWITZ LAW PLLC

                                                                         */s/ Noah S. Hurwitz*_____
                                                                         Noah S. Hurwitz (P74063)
                                                                         *Attorneys for Plaintiff*
                                                                         617 Detroit St. Ste. 125
                                                                         Ann Arbor, MI 48104
                                                                         (844) 487-9489

Dated: February 18, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH HILL,
Individually and on behalf of all
other similarly situated individuals,

    Plaintiffs,

v.

GFL ENVIRONMENTAL USA INC.,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Joseph Hill, by and through his attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                                          Respectfully Submitted,
                                                          HURWITZ LAW PLLC

                                                          */s/ Noah S. Hurwitz*
                                                          Noah S. Hurwitz (P74063)
                                                          *Attorneys for Plaintiff*
                                                          617 Detroit St. Ste. 125
                                                          Ann Arbor, MI 48104
                                                          (844) 487-9489

Dated: February 18, 2022